NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 5, 2021
Decided October 12, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2764

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | No. 3:19CR00017-003 |
| JACK WHITLEDGE, *Defendant-Appellant*. | Richard L. Young, *Judge*. |

**O R D E R**

Working with his partner and girlfriend, Jack Whitledge purchased and sold three kilograms of methamphetamine. At sentencing he argued for a minor-role reduction under U.S.S.G. §3B1.2, which the court denied. Because the record and the Sentencing Guidelines adequately support that ruling, we affirm.

Whitledge began his venture with Jessica Scarberry after he bought meth from her. According to Scarberry, she and Whitledge jointly paid $12,000 for a shipment of

three kilograms of meth, and they began to sell it immediately. Their sales ended when they were arrested after Scarberry sold some meth to a confidential informant. After a search of their home, authorities found them with a "large amount" of cash; all but about 500 grams of meth had been distributed.

Whitledge pleaded guilty to and was sentenced for several crimes: conspiracy to possess with the intent to distribute, and distribution of, 500 grams or more of methamphetamine, 21 U.S.C. §§ 841(a)(1), 846, and possession of a firearm as a felon, 18 U.S.C. §922(g)(1). The presentence investigation report attributed three kilograms of meth to Whitledge and calculated a sentencing range of 210 to 262 months based on an offense level of 33 and a criminal history category of V. Whitledge argued that he was entitled to a minor-role deduction to his offense level under U.S.S.G. §3B1.2 because he did not know about two earlier shipments to Scarberry, did not help buy the shipment of three kilograms, and did not sell more than 500 grams of meth.

Before overruling the objection, the court made factual findings based on the PSR and evidence submitted at the hearing. The court ruled that the sale of three kilograms of meth was "reasonably foreseeable" to Whitledge. It also found that he was romantically involved with Scarberry, knew that she dealt meth, knew of two prior shipments of meth to her, jointly purchased a third shipment of three kilograms, and when arrested had a "large amount" of cash. After making these findings, the district court denied Whitledge's request for a minor-role reduction. The court sentenced him to a below-guidelines prison term of 148 months' imprisonment.

Whitledge argues that the district court erred by not granting him a minor-role reduction. In his view, the district court impermissibly relied solely on the quantity of drugs involved. See *United States v. Sandoval-Velazco*, 736 F.3d 1104, 1109 (7th Cir. 2013). But the sale of nearly three kilograms of meth was not the only factor supporting the court's decision. The court's factual findings, which are not clearly erroneous, demonstrate that it also considered "the degree to which the defendant understood the scope and structure of the criminal activity" and "the nature and extent of the defendant's participation in the commission of the criminal activity." See U.S.S.G. §3B1.2 cmt. n.3(C)(i), (iv). The court found that Whitledge had bought meth from Scarberry, had an intimate relationship with her, and knew about two prior shipments of meth to her. Collectively, these facts support the court's conclusion that Whitledge understood the scope and structure of their criminal endeavor. Likewise, the court's factual finding that he helped buy and arrange to sell the third shipment of three kilograms supports the conclusion that he significantly participated in the conspiracy

The presence of these two factors (knowledge of scope and significance of role), in addition to drug quantity, justified the decision to deny the minor-role reduction. *Sandoval-Velazco*, 736 F.3d at 1109.

Whitledge responds that the district court should have compared his role in the offense to the "average" participant. See *United States v. Diaz-Rios*, 706 F.3d 795, 799 (7th Cir. 2013). Even an "essential" or "indispensable" member of a conspiracy, he argues, may qualify for the reduction because the standard is whether the defendant "is substantially less culpable than the average participant." U.S.S.G. §3B1.2 cmt. n.3(C); *United States v. Leiskunas*, 656 F.3d 732, 739 (7th Cir. 2011). "While it may have been more effective to have an explicit discussion regarding the average member of the conspiracy, we cannot hold that such wording is required at every sentencing hearing … if … a comparison to other members of the conspiracy was at least implicitly made." *Sandoval-Velazco*, 736 F.3d at 1108. The district court implicitly did so here. It found that Whitledge and Scarberry both knew how to procure meth, jointly funded the third shipment, and partnered in its distribution. This implicit comparison to his co-conspirator supports the court's decision to deny Whitledge a minor-role reduction.

AFFIRMED